```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GUAJANA SKYERS and<br>TORY SKYERS, | Civil No. 14-4631 (NLH/AMD) |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| MGM GRAND HOTEL LLC<br>doing business as<br>MGM GRAND RISK MANAGEMENT<br>GROUP, | |
| Defendant. | |

**APPEARANCES**:

GUAJANA SKYERS
TORY SKYERS
301 BACK CREEK ROAD
WOOLWICH TOWNSHIP, NJ 08085
    Appearing *pro se*

JASON S. FEINSTEIN
JILL RACHEL COHEN
ECKERT SEAMANS CHERIN & MELLOTT, LLC
50 WEST STATE STREET
SUITE 1400
PO BOX 1298
TRENTON, NJ 08607-1298
    On behalf of defendant

**HILLMAN, District Judge**

    Presently before the Court is the motion of defendant to dismiss plaintiffs' complaint for *forum non conveniens*, or in the alternative, to transfer venue to Nevada.  For the reasons expressed below, defendant's motion will be continued until the Court's subject matter jurisdiction is properly established.

On a trip to Las Vegas, Nevada in May 2013 to renew their wedding vows, Guajana and Tory Skyers, appearing here *pro se*, chose to stay at defendant MGM Grand Hotel. Plaintiffs claim that they parked their car in the MGM Hotel parking garage and decided to take the parking garage stairs to the street level. Ms. Skyers claims that she stepped into a large hole at the bottom of the stairs, causing her to "twist her ankle to the right and left and [fall] flat on her right side, scraping her hands and hitting her right arm, and the right side of her body on the pavement." (Compl. ¶ 9.) Plaintiffs claim that after waiting for over twenty-five minutes for assistance from the hotel staff, Ms. Skyers was transported to the emergency room, where she was diagnosed as having a severe ankle sprain. Ms. Skyers claims that she has suffered severe physical and emotional distress as a result of her injury, and that Mr. Skyers has also suffered emotional distress by witnessing Ms. Skyers' pain, and because of her inability to care for herself and their minor children. Plaintiffs also claim that they have incurred, and continue to incur, substantial medical expenses. Plaintiffs seek over $400,000 for their compensatory damages, and $100,000 in punitive damages.

Plaintiffs filed their complaint in the New Jersey Superior Court, and defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 because defendant states that plaintiffs'

claims exceed $75,000 and complete diversity of citizenship exists between the parties.  Defendant has moved to dismiss plaintiffs' claims based on *forum non conveniens* grounds.  Alternatively, defendant asks that the case be transferred to Nevada.  Plaintiffs have opposed defendant's motion.

Before the Court can address defendant's motion, the Court's subject matter jurisdiction must be properly established.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)).

The notice of removal states that defendant MGM Grand Hotel, LLC, dba MGM Grand, is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  In a case in which a party to the action is a limited liability company, however, the citizenship of an LLC is determined from the citizenship of each of its members, Zambelli, 592 F.3d at 418, and the notice fails to list the members of MGM Grand Hotel, LLC and the citizenship of those members.

Additionally, plaintiffs' complaint and defendant's notice of removal state that plaintiffs are "residents" of New Jersey, but

neither pleading claims that plaintiffs are "citizens" of New Jersey, which is a required element of diversity jurisdiction. See 28 U.S.C. § 1332; Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1324 n.5 (3d Cir. 1972) ("A naked averment that one is a 'domiciliary' or a 'resident' of a state is insufficient[;]" citing Sun Printing & Publishing Ass'n. v. Edwards, 194 U.S. 377, 382 (1904)); Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Citizenship and residency or domicile are not synonymous for purposes of establishing diversity. Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.").

  Consequently, because the Court must be assured of its subject matter jurisdiction over the matter before it can determine whether the case should be dismissed or transferred, and because the burden is on the removing party to establish jurisdiction, see Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (explaining that it remains the defendant's burden to show the existence and continuance of federal jurisdiction, and that removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand),

IT IS on this  18th    day of  March  , 2015

ORDERED that defendant shall file an amended notice of removal within 10 days to properly aver the citizenship of the parties.  If it fails to do so, the matter will be remanded for lack of subject matter jurisdiction.


At Camden, New Jersey                     s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.