## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

GUAJANA SKYERS and
TORY SKYERS,

         Plaintiffs,

   v.

MGM GRAND HOTEL LLC
doing business as
MGM GRAND RISK MANAGEMENT
GROUP,

        Defendant.

Civil No. 14-4631 (NLH/AMD)

**OPINION**

---

**APPEARANCES**:

GUAJANA SKYERS
TORY SKYERS
301 BACK CREEK ROAD
WOOLWICH TOWNSHIP, NJ 08085
    Appearing *pro se*

JASON S. FEINSTEIN
JILL RACHEL COHEN
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2000 LENOX DRIVE, SUITE 203
P.O. BOX 5404
PRINCETON, NEW JERSEY 08543
    On behalf of defendant

**HILLMAN, District Judge**

    Presently before the Court is the motion of defendant to dismiss plaintiffs' complaint for *forum non conveniens*, or in the alternative, to transfer venue to Nevada.  For the reasons expressed below, defendant's motion to dismiss will be denied, but its motion to transfer will be granted.

## BACKGROUND

On a trip to Las Vegas, Nevada in May 2013 to renew their wedding vows, Guajana and Tory Skyers, appearing here *pro se*, chose to stay at defendant MGM Grand Hotel.  Plaintiffs claim that they parked their car in the MGM Hotel parking garage and decided to take the parking garage stairs to the street level. Ms. Skyers claims that she stepped into a large hole at the bottom of the stairs, causing her to "twist her ankle to the right and left and [fall] flat on her right side, scraping her hands and hitting her right arm, and the right side of her body on the pavement."  (Compl. ¶ 9.)  Plaintiffs claim that after waiting for over twenty-five minutes for assistance from the hotel staff, Ms. Skyers was transported to the emergency room, where she was diagnosed as having a severe ankle sprain.  Ms. Skyers claims that she has suffered severe physical and emotional distress as a result of her injury, and that Mr. Skyers has also suffered emotional distress by witnessing Ms. Skyers' pain, and because of her inability to care for herself and their minor children.  Plaintiffs also claim that they have incurred, and continue to incur, substantial medical expenses. Plaintiffs seek over $400,000 for their compensatory damages, and $100,000 in punitive damages.

Plaintiffs filed their complaint in the New Jersey Superior Court, and defendant removed the action to this Court.

Defendant has now moved to dismiss plaintiffs' claims based on *forum non conveniens* grounds.  Alternatively, defendant asks that the case be transferred to Nevada.  Plaintiffs have opposed defendant's motion.

## DISCUSSION

### A.    Standard for Jurisdiction

Defendant's notice of removal states that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiffs' claims exceed $75,000 and complete diversity of citizenship exists between the parties.  Upon a review of defendant's notice of removal, the Court found that defendant had not properly established subject matter jurisdiction, and the Court ordered defendant to file a revised notice of removal to properly articulate the parties' citizenship.  Defendant has now done so.  Plaintiffs are citizens of New Jersey, and defendant MGM Grand Hotel, LLC, dba MGM Grand, is a Nevada corporation with its principal place of business in Las Vegas, Nevada, with its sole member being MGM Resorts International, which is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

### B.    Analysis

Defendant has moved to dismiss plaintiffs' claims against it pursuant to the doctrine of *forum non conveniens*.  A federal court has discretion to dismiss a case on *forum non conveniens*

grounds "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 429 (2007) (quotations and citations omitted).

Despite defendant's invocation of the *forum non conveniens* doctrine in this case, the common law doctrine's primary application is "in cases where the alternative forum is abroad," and only "perhaps in rare instances where a state or territorial court serves litigational convenience best." Id. (citations omitted). For almost all other cases with concerns about venue within the United States, "Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." Id. (citing 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")) (other citations omitted).

In this case, defendant argues that New Jersey is not the proper forum for plaintiffs' case because everything related to

4

plaintiffs' claims exists in Nevada, and the case must therefore be dismissed for *forum non conveniens*.  Because this matter does not implicate a foreign forum or specific state court interests, however, the *forum non convenience* doctrine is not applicable. The Court will therefore consider defendant's alternative basis for relief, which is its request to transfer plaintiffs' case to the district court in Nevada.

As noted by the Supreme Court in <u>Sinochem</u>, in federal court venue questions are governed by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406.  Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper, while § 1406 applies where the original venue is improper and provides for either transfer or dismissal of the case.  <u>See</u> <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 878 (3d Cir. 1995) (explaining that although either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal).  Defendant in this case has moved for transfer pursuant to § 1404(a).

Even though the "analysis of whether transfer is appropriate does not necessarily require extensive investigation," <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 529 (1988), a district court considering a § 1404(a) motion should evaluate both the convenience of the parties and various public-interest considerations, <u>Atlantic Marine Const. Co., Inc. v. U.S. Dist.</u>

Court for Western Dist. of Texas, 134 S. Ct. 568, 581 n.6
(2013).  Factors relating to the parties' private interests
include: (1) relative ease of access to sources of proof; (2)
availability of compulsory process for attendance of unwilling,
and the cost of obtaining attendance of willing, witnesses; (3)
possibility of view of premises, if view would be appropriate to
the action; and (4) all other practical problems that make trial
of a case easy, expeditious and inexpensive.  Atlantic Marine,
134 S. Ct. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454
U.S. 235, 241, n.6 (1981)) (internal quotation marks omitted).
Public-interest factors may include: (1) the administrative
difficulties flowing from court congestion; (2) the local
interest in having localized controversies decided at home; and
(3) the interest in having the trial of a diversity case in a
forum that is at home with the law.  Id. (internal quotation
marks omitted).  The Court must also give some weight to the
plaintiffs' choice of forum.  Id. (citation omitted).  The
decision to transfer falls in the sound discretion of the trial
court.  Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 632
(3d Cir. 1989).

     In this case, other than the fact that plaintiffs are
citizens of New Jersey and Ms. Skyers claims that she has
received some medical treatment in New Jersey, all other public
and private factors in the transfer analysis compel the transfer

6

of the matter to Nevada.  Located in Nevada are: (1) the parking garage where Ms. Skyers fell, (2) the first responders who provided medical treatment to Ms. Skyers, (3) the emergency department staff who treated Ms. Skyers, (4) any witnesses to Ms. Skyers' fall, (5) defendant's employees who responded to Ms. Skyers' accident, (5) the entity or people responsible for maintaining the parking garage, and (6) the business records relating to the maintenance of the parking garage, procedures for staff to respond to accidents, and personnel records of employees who assisted Ms. Skyers.

Also significant to the transfer analysis is that Nevada law will most likely apply to plaintiffs' claims, as Ms. Skyers' personal injury, and plaintiffs' attendant claims, occurred in Nevada.  See Woessner v. Air Liquide Inc., 242 F.3d 469, 474 (3d Cir. 2001) (explaining that it "is the location of the building, not the individuals who might have been tortiously harmed, that is relevant" to the choice of law analysis in premises liability cases); Kawamura v. Boyd Gaming Corp., 2014 WL 584760, *4-5 (D. Nev. 2014) (under Nevada's choice-of-law jurisprudence for actions based in personal injury, including negligence, strict liability, and emotional distress, Restatement (Second) of Conflict of Laws § 146: "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to

the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."); General Motors Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. County of Clark, 134 P.3d 111, 117 (Nev. 2006) ("The general rule in section 146 requires the court to apply the law of the state where the injury took place.").

The Court acknowledges the *pro se* plaintiffs' argument concerning their choice of forum, as well the superior financial status of defendant and its presumptive ability to absorb the costs of traveling from Nevada to litigate plaintiffs' claims in New Jersey, as opposed to the burden it would place on plaintiffs to litigate their case in Nevada. The financial inequity of the parties, however, cannot override all the other factors in this case, especially when many non-party witnesses are located in Nevada, and the situs of the accident is in Nevada and cannot be brought to New Jersey for inspection. See Rutherford v. Sherburne Corp., 616 F. Supp. 1456, 1463 (D.N.J. 1985) ("Of primary importance to this [transfer] decision is the fact that all of the most significant nonparty witnesses reside in [transferee forum]."); Mancini v. Benihana Nat. Corp., 2013 WL 6147808, *2 (D.N.J. 2013) (citation omitted) (explaining that courts have an interest in deciding local controversies, and

consequently, when an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale).  Moreover, even though plaintiffs' choice of forum is entitled to deference, that deference is provided unless – as is the case here - the other factors strongly favor transfer, and if that choice has little connection with the operative facts of the lawsuit.  <u>Mancini</u>, 2013 WL 6147808 at *2 (citing <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970); <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 521 (D.N.J. 1998)).

Plaintiffs voluntarily traveled to Las Vegas for vacation, and unfortunately Ms. Skyers suffered an injury in defendant's parking garage on her first day there.  Because of the circumstances of Ms. Skyers' injury, the nature of plaintiffs' claims, and the private and public policy factors, plaintiffs' case belongs in Nevada.[1]

---

[1] A similar case had the same result.  <u>See</u> <u>Lauria v. Mandalay Corp.</u>, 2008 WL 3887608, *5 (D.N.J. 2008).  There, a New Jersey citizen attended a trade show at a conference center in Las Vegas, where she slipped and fell on debris or liquid on the floor, suffering injuries.  After balancing the public and private factors, the case was transferred to Nevada.  The court explained,

> After considering all relevant factors, this Court concludes that transfer of venue is proper. Here, the Defendants prefer Nevada, the claim arose in Nevada and a number of listed non-party witnesses are present in Nevada. Furthermore, Nevada has a local interest in determining local negligence issues, and the District of Nevada is

## <u>CONCLUSION</u>

The Court must deny defendant's motion to dismiss plaintiffs' case on *forum non conveniens* grounds, but it will grant defendant's request to transfer the matter to Nevada.  An appropriate Order will be entered.


Date: April 1, 2015                          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

likely more familiar with Nevada law. . . .  Most of the relevant evidence on this issue [of the floor conditions] would likely come from Nevada--the Convention Center is there and the owners of and workers at the convention center are presumably located in Nevada, as well as the emergency room and initial treatment personnel.

On the other hand, New Jersey is Lauria's chosen forum, and the doctors that have treated Lauria after she returned to New Jersey are in New York and New Jersey. Plaintiffs also claim that witness[es] employed by Madden and Nordstrom that were with Lauria at the time of the accident are located in New Jersey. However, Lauria does not identify any particular witnesses that would be inconvenienced by the transfer.  After balancing all of the factors, the Court concludes that this case should be transferred to the District of Nevada.

<u>Lauria</u>, 2008 WL 3887608 at *5.